# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JAMES C. CLEEK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| AMERISTAR CASINO KANSAS CITY, LLC; ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Ameristar Casino Kansas City, LLC ("Ameristar"), in accordance with 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, hereby files this Notice of Removal of this action from the Circuit Court of Clay County, Missouri, to the United States District Court for the Western District of Missouri, Western Division, and in support thereof states as follows:

1. On or about December 16, 2020, Plaintiffs James C. Cleek and Carol Cleek ("Plaintiffs") commenced a civil action styled, *James C. Cleek and Carol Cleek v. Ameristar Casino Kansas City, LLC*, in the Circuit Court of Clay County, Missouri, which is currently pending as Case No. 20CY-CV10216 (the "State Court Action").

2. Ameristar was served with the State Court Action on December 21, 2020.

3. Copies of all process, pleadings, and orders that have been served on Ameristar concerning the State Court Action are attached as **Exhibit 1**. Ameristar has not filed any responsive pleadings in the Circuit Court of Clay County, Missouri, prior to filing this Notice of Removal. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1).

4. Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action in accordance with 28 U.S.C. § 1332(a)(1) because "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between "citizens of different States."

**A.     There Is Complete Diversity of Citizenship between the Parties.**

5.     Based on the allegations in the Petition, Plaintiffs are residents and citizens of Liberty, Clay County, Missouri.

6.     For diversity and removal purposes, Ameristar is not a resident or citizen of Missouri. Ameristar is a Missouri limited liability company, but its sole member, is Boyd TCIV, LLC, a Nevada limited liability company. Boyd TCIV, LLC's sole member is Boyd Gaming Corporation, a Nevada Corporation with is principal place of business and headquarters in Las Vegas, Nevada. *See* 28 U.S.C. § 1332(c)(1).

**B.     The Amount in Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.**

7.     In their Petition, Plaintiffs allege that Plaintiff James Cleek has suffered and will continue to suffer the following damages and injuries as a result of Ameristar's acts and omissions:

- a.     "traumatic brain injury";
- b.     a "concussion";
- c.     "his head, neck, shoulders, arms, wrists, hands, back, hips, pelvis, legs, feet, and the bones, muscles, ligaments, nerves, and tissues thereof, were strained, sprained, stretched, torn, bruised, contused, and otherwise made sore and lame";
- d.     "he has been required to seek the care and attention of doctors, hospitals, nurses, neuropsychologists, physical therapists, occupational therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure

     and relieve himself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith";

  e. "he has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries";

  f. "he has been required to miss work and has sustained a loss of wages and loss of income-earning ability"; and

  g. The "injuries and damages set forth in the preceding paragraphs are permanent and progressive in nature".

(*See* Exhibit 1, Petition, at ¶ 17).

 8. In the Petition, Plaintiff John Cleek seeks judgment "in a fair and reasonable sum to compensate him for his aforesaid injuries and damages (said sum being in excess of the Twenty-Five Thousand Dollar ($25,000.00) minimum jurisdictional limits of [the state] Court) . . . ." (*See* Exhibit 1, Petition, at 5).

 9. "Diversity jurisdiction stems from 28 U.S.C. § 1332 (2012). Federal courts may hear diverse cases—that is, controversies between citizens of different states—where the amount in controversy exceeds $75,000, exclusive of interest and costs. When a case is removed to federal court with the amount in controversy not specifically plead, removal is still proper 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].'" *Mallory v. AT&T*, No. 4:19-CV-00900-DGK, 2020 WL 479263, at *1 (W.D. Mo. Jan. 29, 2020) (citing 28 U.S.C. § 1446(c)(2)(B)).

 10. This standard requires the removing party show "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

3

*Co. v. Owens*, 574 U.S. 81, 89 (2014). If the removing party makes such an allegation, 'remand is only appropriate if the [party seeking remand] can establish to a legal certainty that the claim is for less than the requisite amount.'" *Mallory*, 2020 WL 479263, at *1 (quoting Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 790 (8th Cir. 2012)).

11. "The jurisdictional fact . . . [the amount-in-controversy issue] . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *Keithly v. Mocadlo*, No. 4:16 CV 1892 JMB, 2017 WL 513053, at *1 (E.D. Mo. Feb. 8, 2017).

12. In the Petition, Plaintiff John Cleek has alleged traumatic brain injury, a concussion, and severe injuries to his head, neck, shoulders, arms, wrists, hands, back, hips, pelvis, legs, feet, and the bones, muscles, ligaments, nerves, and tissues thereof. Mr. Cleek further alleges that his injuries are permanent and progressive, and that as result of these severe, permanent, and progressive injuries, he (a) has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of his injuries, (b) has been required to seek the care and attention of doctors, hospitals, nurses, neuropsychologists, physical therapists, occupational therapists, and other practitioners of the healing arts, and (c) has been required to miss work and has sustained a loss of wages and loss of income-earning ability.

13. A reasonable fact finder could easily and reasonably conclude from the allegations in the Petition that Mr. Cleek's past, current, and future damages (and thus the amount in controversy) could exceed $75,000.00. *See Mocadlo*, 2017 WL 513053, at *2 ("Plaintiff claims permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body, damage to his automobile, damage to his personal

4

Case 4:21-cv-00027-DGK   Document 1   Filed 01/14/21   Page 4 of 6

property, storage and rental car fees, lost wages, and permanent impairment of his ability to work, labor, and enjoy life. Based solely on the allegations in the Petition, the undersigned finds that Plaintiff's alleged damages, while not known to a certainty, exceed $75,000."). Mr. Cleek's alleged injuries and damages dwarf the damages alleged by the plaintiff in *Mocadlo* and which satisfied the amount-in-controversy requirement.

14. Therefore, in light of Plaintiff's alleged injuries and damages, it is in good faith that Movant asserts the amount in controversy in this action meets or exceeds the minimum required by 28 U.S.C. § 1332.

15. Because this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and the Petition is therefore removable to this Court under 28 U.S.C. § 1441.

16. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Clay County, Missouri, and a copy of this Notice of Removal will also be served on Plaintiff, through her counsel, on January 15, 2021.

17. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

WHEREFORE Defendant Ameristar Casino Kansas City, respectfully removes this action to this Court for further proceedings according to law.

Respectfully submitted,

**LEWIS RICE LLC**

/s/ Scott A. Wissel
Robert W. Tormohlen, MO #40024
Scott A. Wissel, MO #49085
1010 Walnut, Suite 500
Kansas City, Missouri 64106
(816) 421-2500
(816) 472-2500 (fax)
rwtormohlen@lewisricekc.com
sawissel@lewisricekc.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of the Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to interested parties, and on January 14, 2021, I served a copy of the foregoing via First Class Mail, postage prepaid, on the following:

Thomas E. Hankins
Hankins & Conklin, P.C.
6812 North Oak Trafficway, Suite 5
Gladstone, MO 64118-2587
tomhankinslaw@cs.com
COUNSEL FOR PLAINTIFFS

/s/ Scott A. Wissel
Attorney for Defendant