Electronically Filed - Clay - December 16, 2020 - 03:39 PM

# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
## AT LIBERTY

| | |
|---|---|
| James C. Cleek<br>2001 Place Liberte Drive<br>Liberty, Missouri 64068, and<br><br>Carol Cleek<br>2001 Place Liberte Drive<br>Liberty, Missouri 64068<br><br>                        Plaintiffs,<br><br>vs.                            .<br><br>Ameristar Casino Kansas City, LLC<br>a Missouri Limited Liability Company<br><br>      **Serve Registered Agent:**<br>      CSC-Lawyers Incorporating Service Company<br>      221 Bolivar Street<br>      Jefferson City, Missouri 65101<br><br>                       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR DAMAGES

### COUNT I
### CLAIM OF JAMES C. CLEEK FOR PERSONAL INJURIES

COMES NOW James C. Cleek and for his cause of action against Defendant states:

1.      Plaintiff James Cleek is and at all relevant times has been a citizen and resident of Liberty, Clay County, Missouri, with a mailing address as set forth in the caption.

2.      Defendant Ameristar Casino Kansas City, LLC [sometimes hereinafter referred to as "Ameristar"] is and at all relevant times has been a limited liability company organized and existing under the laws of the State of Missouri.

Electronically Filed - Clay - December 16, 2020 - 03:39 PM

3.     A true and accurate copy of the Articles of Incorporation of Ameristar Casino Kansas City, Inc. is attached hereto as "Exhibit A" and a true and accurate copy of the Certificate of Conversion converting Ameristar Casino Kansas City, Inc. to Ameristar Casino Kansas City, LLC is attached hereto as "Exhibit B."

4.     Ameristar is amenable to service of process in the manner set forth in the caption.

5.     At the time of the accident, which is the subject of this lawsuit, Ameristar owned, operated, managed, and maintained a casino located at 3200 North Ameristar Drive, Kansas City, Missouri 64161.

6.     The accident which is the subject of this lawsuit occurred on or about February 26, 2019, at or about 11:55 p.m.  At that time, Plaintiff James Cleek was a business invitee of Ameristar in that:

> (A)     he was a paying customer and patron of Ameristar, having spent several hours at Ameristar's aforesaid casino immediately prior to the incident which forms the basis of this lawsuit;
>
> (B)     he was at Ameristar's aforesaid casino with the express or implied consent of Ameristar;
>
> (C)     his presence at Ameristar's aforesaid casino was for a purpose which was of benefit and interest to Ameristar.

7.     Ameristar owed a duty of reasonable care to James Cleek, including the duty to remove dangerous conditions, barricade dangerous conditions, and warn of dangerous conditions on the paved areas where patrons such as James Cleek would walk upon exiting the Casino.

8.     Ameristar was required to inspect its premises, including its sidewalks, walkways, and paved areas where patrons such as James Cleek would walk upon exiting the Casino.

2

Electronically Filed - Clay - December 16, 2020 - 03:39 PM

9.     From approximately 6:00 p.m. on February 26, 2019 until the time of the incident that is the subject of this lawsuit, the weather conditions at the Casino included the following:

    (A)    temperatures falling from 31 degree to 27 degrees;

    (B)    humidity increasing from 89% to 96%;

    (C)    a wintry mix of precipitation; and

    (D)    fog.

10.    During the 24 hours immediately preceding the incident which is the subject of this lawsuit:

    (A)    the temperature had fallen to 19 degrees and had only reached a high of 33 degrees around 3:00 - 4:00 p.m., before dipping again to below freezing;

    (B)    the area where Plaintiff James Cleek slipped and fell received no direct sunlight by virtue of:

        (1)    Cloud cover that persisted throughout the day; and

        (2)    The structure housing the Casino blocking the Sun.

11.    As a result of the above weather conditions, the ground temperatures where Plaintiff James Cleek fell were colder than the atmospheric temperatures and, consequently, the combination of the wintry mix and the fog resulted a thin coating of black ice forming on the paved areas immediately outside the doors of the Casino.

12.    Absent the timely, proper and adequate treatment of this thin coating of black ice with salt (or another chemical that would cause ice to melt) and sand, the area where Plaintiff James Cleek fell was not reasonably safe.

13.    Because Ameristar failed to adequately and properly treat the concrete surface with salt (or with another chemical that would cause the ice to melt) and because Ameristar failed to

3

adequately and properly treat the concrete surface with sand (or another substance that would provide traction to pedestrians walking across the concrete surface), the parking lot was not reasonably safe and James Cleek slipped and fell, injuring himself as set forth below.

14.  Ameristar knew or by using ordinary care could have known of this condition.

15.  Ameristar failed to use ordinary care in that it failed to:

    (A)  remove the ice from the concrete surface,

    (B)  apply sand (or another substance that would provide traction to pedestrians walking across the concrete surface) to the ice,

    (C)  apply salt (or with another substance that would cause the ice to melt) to the concrete surface,

    (D)  warn of the dangerous condition, and

    (E)  barricade the dangerous condition

16.  As the result of the aforesaid failures to use ordinary care, Ameristar was negligent.

17.  As a direct result of Ameristar's failures, as detailed above, and as a direct result of Ameristar's negligence, as detailed above, Plaintiff James Cleek slipped and fell on the ice and sustained the following injuries and damages:

    (A)  traumatic brain injury;

    (B)  concussion;

    (C)  his head, neck, shoulders, arms, wrists, hands, back, hips, pelvis, legs, feet, and the bones, muscles, ligaments, nerves, and tissues thereof, were strained, sprained, stretched, torn, bruised, contused, and otherwise made sore and lame;

4

(D)     he has been required to seek the care and attention of doctors, hospitals, nurses, neuropsychologists, physical therapists, occupational therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure and relieve himself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith;

(E)     he has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries; and

(F)     he has been required to miss work and has sustained a loss of wages and loss of income-earning ability.

18.     The injuries and damages set forth in the preceding paragraph are permanent and progressive in nature.

WHEREFORE, Plaintiff James Cleek prays judgment against Defendant Ameristar Casino Kansas City, LLC  in a fair and reasonable sum to compensate him for his aforesaid injuries and damages (said sum being in excess of the Twenty-Five Thousand Dollar ($25,000.00) minimum jurisdictional limit of this Court). together with his costs herein incurred and expended..

## COUNT II

## CLAIM OF CAROL CLEEK FOR LOSS OF CONSORTIUM

COMES NOW Plaintiff Carol Cleek and for her cause of action against Defendant states:

1.     She incorporates herein each and every statement and allegation contained in Count I of this Petition and restates and realleges herein each and every statement and allegation contained therein.

5

Electronically Filed - Clay - December 16, 2020 - 03:39 PM

2.      At all relevant times, Plaintiff Carol Cleek was, and continues to be, the lawful wife of Plaintiff James Cleek.

3.      As the direct and proximate result of Defendant's aforesaid negligence and as the direct and proximate result of Defendant's aforesaid failure to use ordinary care, Plaintiff James Cleek was injured and Plaintiff Carol Cleek sustained damage, including, but not limited to, the loss of Plaintiff James Cleek's society, comfort, companionship, consortium, and support.

WHEREFORE, Plaintiff Carol Cleek prays judgment against Defendant in a fair and reasonable sum of money to compensate her for her aforesaid injuries and damages (said sum to be in excess of the $25,000.00 minimum jurisdictional limit of this Court), together with her costs herein incurred and expended.

HANKINS & CONKLIN, P.C.

   /s/   *Thomas E. Hankins*
Thomas E. Hankins  Mo. Bar 26005
6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone:  816.436.3100
Fax No. 816.436.8643
Email: tomhankinslaw@cs.com

**Attorneys for Plaintiffs**