IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES C. CLEEK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-cv-00027-DGK |
| ) | |
| AMERISTAR CASINO KANSAS CITY, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REMAND**

Plaintiffs James and Carol Cleek initially filed this action in state court seeking relief for an alleged slip-and-fall by Mr. Cleek on Defendant Ameristar Casino Kansas City's property in February 2019 (Doc. 1-1). Defendant timely removed to this Court, and Plaintiff now moves to remand (Doc. 6), arguing the Court lacks subject-matter jurisdiction because the requirements of diversity are not met. Because Defendant has shown it is a citizen of Nevada only while Plaintiffs are citizens of Missouri, the motion to remand is DENIED.

Diversity jurisdiction stems from 28 U.S.C. § 1332. Federal courts may hear diverse cases—that is, controversies between citizens of different states—where the amount in controversy exceeds $75,000, exclusive of interest and costs. When a case is removed to federal court, that court must determine whether complete diversity exists between parties. When a party is a limited liability company, the court looks at each member of the limited liability company to determine diversity of citizenship. *GMAC Com. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) ("[h]olding an LLC's citizenship is that of its members for diversity jurisdiction purposes").

This case is properly before the Court under its diversity jurisdiction. First, the parties do not dispute that the amount in controversy exceeds $75,000.[1] Second, regarding citizenship, Plaintiffs are domiciled in Missouri. Defendant is a limited liability corporation whose sole member is Boyd TCIV, LLC, a Nevada limited liability company. Boyd TCIV, LLC's sole member is Boyd Gaming Corporation, which is incorporated in Nevada and has its principal place of business in Nevada. *See* 28 U.S.C. § 1332(c)(1). Therefore, for purposes of establishing jurisdiction, Defendant is a citizen of Nevada. Complete diversity exists between the parties.

Plaintiffs argue that because Defendant was organized under Missouri laws, this Court must consider it a citizen of Missouri. That Defendant was initially formed in 2000 as a Missouri corporation ("Ameristar Casino Kansas City, Inc."), and only later, in 2016, converted to a limited liability corporation, Plaintiffs argue, should serve as sufficient basis to establish Missouri citizenship. This is unavailing. Defendant's history as a Missouri corporation is irrelevant. Jurisdiction is determined as of the date the action commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (finding a "well-established rule that diversity of citizenship is assessed at the time the action is filed"); *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005) ("Whether diversity of citizenship exists is determined at the time the suit is filed—not when the cause of action arose." (citation omitted)). Thus, the only relevant concern for the Court is what the citizenship of Defendant's members are. Plaintiffs claim the relevant question is whether Article III of the Constitution permits the Courts or Congress find this to be a

---

[1] While the jurisdictional amount is not pleaded with specificity, the Court finds that this jurisdictional minimum is satisfied. Each Plaintiff seeks a minimum of $25,000, and Mr. Cleek asserts severe damage, including a traumatic brain injury, a concussion, and various other severe injuries (Doc 1-1 at 4–5). Thus, the Court concludes it is not a legal certainty the amount is for less than $75,000. *See Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012).

2

dispute between Citizens of different states (Doc. 10 at 2). The Court answers with a resounding "yes."

## Conclusion

The Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Date:  January 20, 2021                                   /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT