# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| JAMES C. CLEEK & CAROL CLEEK, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00027-DGK |
| | ) | |
| AMERISTAR CASINO | ) | |
| KANSAS CITY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

Plaintiff James C. Cleek alleges Defendant Ameristar Casino Kansas City, LLC ("Ameristar") failed to perform its duty to clear ice off its outdoor walkways causing him personal injury after he slipped and fell. His wife, Plaintiff Carol Cleek, brings a loss of consortium claim.[1] Now before the Court is Ameristar's motion for summary judgment. ECF No. 27. Because there are no genuine issues as to any material facts and Ameristar is entitled to judgment as a matter of law, the Court GRANTS the motion.

### Background[2]

On 2:30 p.m. on February 26, 2019, a winter weather advisory was issued for Jackson County, Missouri, and, at 6:30 p.m., was extended to Clay County, Missouri, the location of Ameristar. The advisory was not set to expire until 6:00 a.m. the following day. The advisory stated, in relevant part: "Freezing rain expected. Total ice accumulation of up to 1/10th of an inch . . . . Slick sidewalks, road and bridges are possible." Def.'s Sugg'ns in Support of Mot. Summ. J.

---

[1] Because Carol Cleek's claim relies on the validity of James Cleek's claim, the Court will refer to James Cleek alone as "Plaintiff" in this case.

[2] This section omits facts properly controverted by Plaintiffs, immaterial facts, facts that are not properly supported by admissible evidence, legal conclusions, and argument presented as fact. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). Although a jury could draw different inferences from these facts, the Court states the facts in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

at 3, ECF No. 28 at 6. Starting around 6:00 p.m. on February 16 and continuing through the evening, the temperature outside Ameristar fell from thirty-one to twenty-seven degrees, humidity increased from eighty-nine to ninety-six percent, a wintery mix of precipitation, and fog. Ameristar pretreated parts of its premises, including its parking lots, with salt but did not salt or otherwise treat the walkways or sidewalks used by Plaintiff. Once the precipitation began, no Ameristar employees put down any salt or took any other measures to alter the natural state of ice due to the general conditions.

Plaintiff arrived at Ameristar's premises around 7:00 p.m. on February 26, 2019. Plaintiff planned to leave and drive home around 10:00 p.m. After he got to his car and was driving away, a friend called him and asked that he return to the casino. Plaintiff re-parked his car in an uncovered lot, and reentered Ameristar sometime between 10:00 and 10:30 p.m. While reentering Ameristar, Plaintiff did not notice any precipitation falling or any ice on the outside surfaces.

Around 11:30 p.m., freezing rain began falling. Plaintiff left Ameristar shortly before midnight, around 11:55 p.m. It is unclear whether it was precipitating while he walked to his car; [3] but at some point during the evening, ice had accumulated on the walkways outside Ameristar. While walking to his car, Plaintiff slipped on the ice and fell, injuring himself. The next day, the ice accumulation led to area schools being cancelled.

## Standard

A moving party is entitled to summary judgment on a claim if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the

---

[3] It is disputed whether it was actively precipitating when Plaintiff exited Ameristar and walked to his car. While he initially claimed it was not, he later couched his statements, saying he did not "notice" any precipitation (Tr. 80:25) and he couldn't be sure it wasn't raining but he didn't think it was (Tr. 88:20–21). ECF No. 28-2. Regardless, the Court holds that whether it was actively precipitating as Plaintiff was leaving is immaterial to this motion.

governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan*, 572 U.S. at 656 (2014); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive summary judgment, the nonmoving party must "substantiate his allegation with sufficient probative evidence [that] would permit a finding in his favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Analysis

There is no dispute that Plaintiff slipped and fell on ice in the Ameristar's parking lot. The only issue is whether Defendant had a duty to clear the ice that caused Plaintiff to fall. Ameristar seeks summary judgment on the grounds that it had no duty to remove snow and ice, and thus cannot be liable for Plaintiff's injury. Because Plaintiff's claim is rooted in negligence, Ameristar must have a legal duty to perform some action for it be liable.

## I.    Defendant had no duty to remove snow or ice.

The general rule regarding premises liability requires a landowner to use "reasonable and ordinary care prevent injury" due to existing dangerous conditions on the owner's premises. *Cossey v. Air Sys. Int'l, Inc.*, 273 S.W.3d 588, 590 (Mo. Ct. App. 2009). But Missouri has clearly established an exception, often called the "Massachusetts Rule," to that general duty: property owners have no duty to clear snow or ice that has accumulated due to general community weather conditions. *Medlock v. St. John's Health Sys., Inc.*, 426 S.W.3d 35, 38 (Mo. Ct. App. 2014) (citing *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991). Such circumstances create "a natural hazard to everyone who ventures out." *Willis*, 804 S.W. 2d at 419.

Missouri courts have also specifically applied this rule to casinos. *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 167 (Mo. Ct. App. 2021) (holding defendant casino had no duty to "treat or clear the naturally occurring accumulation of ice that was a general condition" in the community).

Here, the facts show that ice accumulation was a general weather condition in the community, as indicated by the regional winter weather advisory and the next day's school closings. Thus, Ameristar had no legal duty to remove the ice.

Plaintiff does not contest this point. Instead, he argues an exception to the general rule should apply.

### A.      No exceptions to the general rule apply here.

Plaintiff argues that the general rule should not apply here, and this Court should instead find Ameristar had a duty to clear the ice under an established exception to the general rule.

### 1.      Ameristar did not assume an obligation to clear the ice through its course of conduct.

Plaintiff argues first that Ameristar assumed a duty to clear the ice by its past course of conduct. This exception to the general rule applies "where one obligates himself . . . by a course of conduct over a period of time to remove the snow and ice, thereby assuming a duty." *Richey v. DP Props., LP*, 252 S.W.3d 249, 252 (Mo. Ct. App. 2008) (citing *Willis*, 804 S.W.2d at 419). To trigger this exception, a defendant must have taken some "willful action to alter the condition of snow or ice on its premises." *O'Donnell*, 619 S.W.3d at 168 (citing *Otterman v. Harold's Supermarkets, Inc.*, 65 S.W.3d 553, 555 (Mo. Ct. App. 2001); *Medlock*, 426 S.W.3d at 39 n.5; *Richey*, 252 S.W.3d at 252). "[N]o Missouri case has found the course-of-conduct exception [to apply] in the absence of actual altercation of the snow or ice on the part of the defendant." *O'Donnell*, 619 S.W.3d at 168.

4

Plaintiff argues the course of conduct exception applies because Ameristar has at other times cleared the ice and snow from its premises, treated walkways with liberal amounts of salt, and generally maintained its property in a clean and safe condition. But he cites no caselaw to support this application of the exception, and Missouri law clearly establishes a defendant must have actively altered the *existing* conditions for the exception to apply. Conduct during previous storms alone does not create a duty to clear naturally accumulating ice and snow. Plaintiff states the outdoor areas where he walked had not been treated with salt before or during the ice storm, and he never saw any employees altering or trying to alter the natural state of ice on its premises. Merely treating ice in the past does not create a duty to clear ice under the course of conduct exception.

The course of conduct exception has been found to impose a duty to clear snow and ice when a portion of a premises has been treated. *See Gorman v. Wal-Mart Stores, Inc.*, 19 S.W.3d 725, 732 (Mo. Ct. App. 2000) (finding that once actual ice and snow removal has begun, there is a duty to do so in a non-negligent manner). Plaintiff claims that before the ice began forming, Ameristar had treated its parking lots, but not other paved walking surfaces, with salt. Plaintiff suggests Ameristar created a duty to remove ice and snow through its course of conduct by laying salt on some outdoor surfaces prior to the ice accumulation.

This argument is unavailing. Missouri courts look at the condition of the premises between the time of ice accumulation and the injury. *See, e.g.*, *Richey*, 252 S.W.3d at 252 (no liability occurs where defendant "did nothing to alter the condition" of the surface where plaintiff fell); *Willis*, 804 S.W.2d at 421 (no duty to remove snow where no action was taken "between the time the ice accumulated and the time [the plaintiff] fell"). When a parking lot or other specific area has not been altered or treated in any way, there is no liability for injuries that occur in that area as

5

a result of the natural, untouched conditions. *Wilson v. Siegel-Robert, Inc.*, No. 1:10-CV-56, 2011 WL 4857866, at *3 (E.D. Mo. Oct. 13, 2011) (finding no duty to remove ice and snow in parking lot when left untreated where general conditions of ice existed in the community).

Here, the undisputed facts show that, at the time Plaintiff fell, Ameristar had not taken any steps to remove the ice on its premises in the location where Plaintiff fell. Because Ameristar did not take any willful action to change the natural condition of the walkway where Plaintiff fell, the course of conduct exception does not apply.

### 2. Ameristar had no agreement with Plaintiff that created a duty to clear the ice from its premises.

Plaintiff also argues Ameristar obligated itself to remove the snow and ice from its premises by agreement. The agreement exception creates "a duty to remove naturally occurring snow or ice that is a general condition of the community . . . when the defendant has voluntarily assumed such a duty pursuant to an agreement." *Alexander v. Am. Lodging, Inc.*, 786 S.W.2d 599, 601 (Mo. Ct. App. 1990). Here, Plaintiff argues the parties had an implied "deal" whereby Ameristar would "continue its custom and practice of keeping and maintaining its parking lots and exterior walkways in a clean, safe, and well-lighted condition," including keeping its exterior parking lots and walkways treated with salt under snowy or icy conditions, and, in return, Plaintiff "would continue to patronize [Ameristar] several times every week." Pl.'s Sugg'ns in Opp'n to Def.'s Mot. Summ. J. 15, ECF No. 29. The parties had no formal agreement or understanding.

Plaintiff cites no authority recognizing this broad interpretation of the agreement exception, and Missouri caselaw does not support such a reading. Plaintiff offers no contract or other dealings that could fairly be said to create a duty to clear the ice. *See Maschoff v. Koedding*, 439 S.W.2d 234 (Mo. Ct. App. 1969) (interpreting a written lease to determine if landlord agreed to undertake snow and ice removal from premises). Missouri courts have even considered whether written

company policies can create a duty to clear snow and have determined they do not.  *See, e.g.*, *Medlock*, 426 S.W.3d at 39; *Willis*, 804 S.W.2d at 422.  Thus, the Court holds the agreement exception to the general rule does not apply.

## II.     This Court must apply Missouri precedent.

Finally, Plaintiff appears to request this Court overturn long-established and recently affirmed Missouri caselaw.  Plaintiff claims that because Massachusetts' courts have done away with the "Massachusetts Rule," this Court should follow suit.  The Missouri Court of Appeals in March 2021 considered a similar request to abrogate the Massachusetts rule.  *O'Donnell*, 619 S.W.3d at 170.  While recognizing the rule may incentivize property owners to not "address dangerous conditions of snow and ice when those are natural accumulations and represent a general condition in the area," it nevertheless held the general rule was good law.

*O'Donnell* found that the initial reasoning for the rule, as articulated in *Woodley v. Bush*, 272 S.W.2d 833 (Mo. App. 1954), is still applicable:  When a "condition is one general to the community it creates a natural hazard to everyone who ventures out at such time.  The condition is brought about by no one and no one's efforts can appreciably lessen the danger present . . . ."  *O'Donnell*, 619 S.W.3d at 170 (citing *Woodley*, 272 S.W.2d at 835).  Because this rule was so recently reconsidered and affirmed, this Court is obliged to apply it here.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

## Conclusion

In view of the foregoing, Ameristar's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Date:   August 17, 2021                                        /s/ Greg Kays
                                                                           GREG KAYS, JUDGE

UNITED STATES DISTRICT COURT