IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES C. CLEEK & CAROL CLEEK, | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:21-CV-00027-DGK |
| AMERISTAR CASINO KANSAS CITY, LLC, | ) |
| Defendant. | ) |

## ORDER DETERMINING COSTS

Plaintiff James C. Cleek alleges Defendant Ameristar Casino Kansas City, LLC ("Ameristar") failed to perform its duty to clear ice off its outdoor walkways causing him personal injury after he slipped and fell. His wife, Plaintiff Carol Cleek, brings a loss of consortium claim. The Court granted Ameristar summary judgment on all claims. ECF No. 37.

Now before the Court is Ameristar's proposed bill of costs (ECF No. 39), Plaintiffs' motion to amend the proposed bill of costs (ECF No. 40), and Ameristar's response to Plaintiff's motion (ECF No. 41). Ameristar seeks $4,000.42 in costs for various items. Plaintiffs only challenge the costs for videography and expert witness charges.

Because the challenged costs are recoverable under the controlling case law, Plaintiffs' objections are OVERRULED, their motion is DENIED, and Ameristar is awarded $4,000.42 in costs.

**Background**

Plaintiffs filed this two-count negligence lawsuit in state court on December 16, 2020. ECF No. 1-1. Ameristar removed to this Court on January 14, 2021, ECF No. 1, 2, and the Court

subsequently denied Plaintiffs' motion to remand, ECF No. 11. On August 17, 2021, the Court granted Ameristar's motion for summary judgment on both counts. ECF No. 27.

Less than two weeks later, Ameristar filed its proposed bill of costs. ECF No. 39. Ameristar seeks $4,000.42 as reimbursement for filing fees, court reporter and videographer charges for depositions, copying costs for Plaintiff James Cleek's medical records, and fees charged by Plaintiff's expert witness James Bria for Ameristar's deposition of him. ECF No. 39-1. Plaintiff objected that the videography charge for Plaintiff James Cleek's deposition and the expert witness fees charged by James Bria are not recoverable under 28 U.S.C. § 1920. ECF No. 40. Ameristar filed a response addressing Plaintiffs' objections. ECF No. 41. A few days after the bill of cost became ripe, Plaintiffs appealed the summary judgment ruling. ECF No. 42.[1]

**Standard**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987); *see Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) ("[T]he word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court."). But the prevailing "is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

---

[1] Although the filing of the notice of appeal is a jurisdictionally significant event, the Eighth Circuit has been clear that a district court may grant costs after a notice of appeal has been filed. *See Blakely v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011); *see also* Wright & Miller, 16A Fed. Prac. & Proc. Juris. § 3949.1, Filing the Notice of Appeal (5th ed.) ("The restriction on district court action encompasses only the matters that are comprehended within the appeal. Thus, pending appeal the district court may tax costs and award attorney's fees.")

Section 1920 identifies six expenses that may be taxed as costs, including two that are at issue here: (1) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; and (2) "[c]ompensation of court appointed experts." 28 U.S.C. § 1920(2), 1920(6). Under Federal Rule of Civil Procedure 26(b)(4)(E), a prevailing party may recover an opposing expert's deposition fees. *See Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464–65 (8th Cir. 2015).

## Discussion

Plaintiffs challenge two categories of Ameristar's requested costs. First, Plaintiffs argue that Ameristar cannot recover the $472 that it seeks for the videotaped deposition of Plaintiff James Cleek. Second, Plaintiffs argue that Ameristar cannot recover the $1,400 that it seeks for the expert witness fees paid to James Bria for his deposition. The Court addresses each objection in turn.

### I. The videographer charges for Plaintiff James Cleek's deposition are recoverable.

Relying solely on the statutory text, Plaintiffs argue that Section 1920(2) allows Ameristar to recover fees for the printed transcript, but not the videotape, of James Cleek's deposition. According to Plaintiffs, because Ameristar had the deposition transcribed and seeks reimbursement for that, the videotaping of his deposition was not "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). Ameristar counters that controlling authority largely forecloses this argument, and Ameristar needed the videotape to potentially challenge Plaintiff James Cleek's credibility at trial.

As Ameristar aptly notes, Plaintiffs' argument has been thoroughly addressed and rejected by the Eighth Circuit in *Stanley v. Cottrell*. In *Stanley*, the Eighth Circuit held that Section "1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley*, 784 F.3d at 467. Following that case, numerous courts have found that a video deposition is

"necessarily obtained for use in a case" when the party orders it to impeach the plaintiff or otherwise challenge his credibility at trial. *Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020); *Jackson v. Gen. Motors, LLC*, No. 4:18-CV-1243-RLW, 2020 WL 4698501, at *3 (E.D. Mo. Aug. 13, 2020); *Gustafson v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist.*, No. 4:18-CV-02074-SRC, 2020 WL 6544236, at *2 (E.D. Mo. Nov. 6, 2020); *Perez v. BNSF Ry. Co.*, No. 18-00239-CV-W-BP, 2019 WL 7593373, at *2 (W.D. Mo. Sept. 16, 2019).

Here, Ameristar ordered the videotape for the very same reasons: credibility and impeachment. James Cleek's credibility would have been a key to the circumstances surrounding his fall, Ameristar's liability, and his damages. And had Mr. Cleek testified contrary to his deposition testimony, the videotape could have been used to impeach him in a more impactful way than simply having the attorney read the transcript.

Because the videotape deposition recording was necessarily obtained for use in the case, the Court OVERRULES Plaintiffs' objection.

### II. The expert witness fees for James Bria's deposition are recoverable.

Relying again solely on the statutory text, Plaintiffs argue that Mr. Bria's expert witness fees are not recoverable under Section 1920(6) because he is not a court-appointed expert. Ameristar counters that it is seeking fees under Rule 26(b)(4)(E), which is explicitly allowed under controlling authority.

Much like the previous issue, Plaintiffs' argument is largely foreclosed by the Eighth Circuit's ruling in *Stanley*. There, the Eighth Circuit held that although Section 1920(6) does not allow for the recovery of deposition fees that a prevailing party paid to the opposing party's expert, Rule 26(b)(4)(E) does allow for such recovery. *Stanley*, 784 F.3d at 464. Following the ruling in *Stanley*, numerous courts—including this one—have routinely awarded costs for expert deposition

fees in the same situation. *See Cramer v. Equifax Info. Servs., LLC*, No. 4:18-CV-1078-SEP, 2020 WL 887996, at *5 (E.D. Mo. Feb. 24, 2020); *Faltermeier v. FCA US LLC*, No. 4:15-CV-00491-DGK, 2017 WL 9807429, at *1 (W.D. Mo. Nov. 8, 2017); *Hoover v. Bayer Healthcare Pharms. Inc.*, No. 3:14-CV-05090-SRB, 2017 WL 2321146, at *4 (W.D. Mo. Mar. 27, 2017); *Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, No. 4:14-CV-1469-CDP, 2016 WL 3443574, at *3 (E.D. Mo. June 23, 2016).

Here, like *Stanley* and the other cases cited above, Ameristar paid fees to Plaintiffs' key expert for his deposition, and the Court finds that the fees sought are reasonable. So Ameristar is entitled to recoupment of those fees. The Court, thus, OVERRULES Plaintiffs' objection.

## Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiffs' objections, DENIES their motion, and awards Ameristar $4,000.42 in costs.

**IT IS SO ORDERED.**

Date:   December 10, 2021                         /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT