# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3067
_____

James C. Cleek; Carol Cleek

*Plaintiffs - Appellants*

v.

Ameristar Casino Kansas City, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: June 15, 2022
Filed: August 24, 2022
_____

Before LOKEN and KELLY, Circuit Judges, and MENENDEZ,[1] District Judge.
_____

MENENDEZ, District Judge.

---

[1] The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, sitting by designation.

Case 4:21-cv-00027-DGK   Document 46-1   Filed 08/24/22   Page 1 of 11
Appellate Case: 21-3067   Page: 1   Date Filed: 08/24/2022 Entry ID: 5190633

James and Carol Cleek appeal the district court's[2] denial of their motion to remand and adverse grant of summary judgment in this diversity action arising out of a slip-and-fall on Ameristar Casino Kansas City, LLC's property. For the reasons that follow, we affirm.

## I. Background

Ameristar owns and operates a casino in Clay County, Missouri. James Cleek had visited the casino on several occasions over many years and patronized it again on February 26, 2019. He arrived at the casino that evening, ate dinner, and then briefly left the premises. He returned a short time later, parked his car, and reentered the casino.

Earlier that evening, a winter weather advisory had been issued for the Kansas City area, including Clay County, lasting overnight and into the next morning. When Mr. Cleek returned to the casino, the storm had not yet begun but he noticed salt in the parking lot and on uncovered driveways. After he reentered the building, freezing rain began to fall, causing icy conditions throughout the greater Kansas City area, including at Ameristar's property. Mr. Cleek left the casino again shortly before midnight. On an exterior walkway near the casino entrance, Mr. Cleek slipped on a patch of ice, fell, and was injured. Ameristar had neither treated the walkway where Mr. Cleek fell with salt or ice melt, nor otherwise removed the ice.

The Cleeks filed suit against Ameristar in state court, alleging that its negligence caused Mr. Cleek's injuries. Ameristar removed the case to federal court invoking diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeded $75,000 and the parties were citizens of different states.

The Cleeks moved to remand the case to state court. They argued that the parties were not completely diverse because Ameristar, a limited liability company,

---

[2]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

was organized under Missouri law, and therefore, was a citizen of Missouri. Because the Cleeks are Missouri citizens, they claimed the court lacked jurisdiction over the dispute. The district court denied the motion, finding that complete diversity existed because Ameristar is a citizen of the State of Nevada. The district court applied *GMAC Comm. Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004), which held that courts look to the citizenship of each member of an LLC to determine its citizenship for purposes of diversity jurisdiction. The district court found that Ameristar's sole member, Boyd TCIV, LLC ("Boyd"), was itself a limited liability company. As a result, the district court considered the citizenship of Boyd's members and found its sole member is Boyd Gaming Corporation ("BGC"). The court found that BGC is incorporated in Nevada and has its principal place of business in Nevada, making it a Nevada citizen for purposes of diversity jurisdiction. In turn, the court concluded that BGC's Nevada citizenship passed through to Boyd, and ultimately, to Ameristar.

Following discovery, Ameristar filed a motion for summary judgment. Ameristar argued that Missouri courts have adopted the so-called "Massachusetts Rule" of premises liability. Ameristar conceded that it had done nothing to treat the accumulation of ice on the walkway where Mr. Cleek fell, but because the storm affected the greater Kansas City area, it argued that it owed no duty to remove the ice under the Massachusetts Rule. The Cleeks opposed Ameristar's motion, arguing that the record supported application of one or more exceptions to the Massachusetts Rule. The district court concluded that the undisputed material facts established that Ameristar owed no duty under the Massachusetts Rule, that the Cleeks failed to establish that any exception was applicable, and that Ameristar was entitled to judgment as a matter of law.

## II. Analysis

On appeal, the Cleeks argue that the district court's judgment must be reversed for two reasons. First, they argue that the district court erred in concluding that it had subject-matter jurisdiction because Ameristar and the Cleeks are both citizens of

Missouri. Second, they argue that the district court erred in concluding that Ameristar owed no duty to remove or treat the ice that accumulated on the walkway where Mr. Cleek fell because a reasonable jury could conclude that Ameristar had assumed such a duty through its course of conduct or through an implied contract with Mr. Cleek. We find no error in either decision of the district court.

### A. Jurisdiction

Because the Cleeks' challenge to the denial of their motion to remand concerns the district court's subject matter-jurisdiction, we address it first. We review whether diversity jurisdiction exists de novo. *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020) (discussing de novo review of diversity jurisdiction); *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (same for reviewing denial of a motion to remand). Removal of a case to federal court is proper where the district court has original jurisdiction over the action. *Mensah*, 951 F.3d at 943 (citing 28 U.S.C. § 1441(a)). District courts have original jurisdiction over cases where the amount in controversy exceeds $75,000[3] and the dispute is between citizens of different states. 28 U.S.C. § 1332(a).

Generally, "[c]omplete diversity" is required, meaning that federal courts lack diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021); *see also Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 899 (8th Cir. 2015) ("For almost two centuries the diversity statute has been interpreted to require complete diversity of citizenship.") (cleaned up). Here, the parties agree that the Cleeks are Missouri citizens for jurisdictional purposes, but they dispute whether Ameristar, an LLC, is also a citizen of Missouri.

In *GMAC*, we held that "an LLC's citizenship is that of its members for diversity jurisdiction purposes." 357 F.3d at 829. Since *GMAC*, we have consistently

---

[3]There is no dispute before the Court concerning the amount-in-controversy requirement.

applied that now-settled rule. *Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019); *Lee*, 793 F.3d at 897; *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015); *Buffets, Inc. v. Leischow*, 732 F.3d 889, 897 n.6 (8th Cir. 2013); *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 719 (8th Cir. 2004).

Undeterred by this line of authority, the Cleeks argue that the district court erred in concluding that Ameristar was a citizen of Nevada. We disagree. Ameristar showed that its only member is Boyd, which is itself an LLC. Boyd's only member is BGC, a corporation organized under Nevada law, with its principal place of business in Nevada. Consequently, BGC is a citizen of Nevada, 28 U.S.C. § 1332(c)(1). Because BGC is Boyd's only member, Boyd is a Nevada citizen, and because Boyd is Ameristar's only member, Ameristar is a citizen of Nevada as well. The district court applied this analysis and correctly concluded that the suit was between citizens of different states.

The Cleeks' arguments to the contrary are unavailing. The fact that Ameristar was originally established as a Missouri corporation and did not convert into an LLC until 2016 is irrelevant. In a case removed from state court, diversity of citizenship is determined at the time the suit is filed and upon its removal. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) ("For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court."). The Cleeks point to nothing in the record to suggest that Ameristar was a citizen of a State other than Nevada at any stage of this litigation.

Similarly unavailing is the Cleeks' reliance on documentation memorializing Ameristar's conversion to an LLC, which indicates that Missouri is the "jurisdiction" of Ameristar's formation. The State of an LLC's organization does not determine its citizenship; only the citizenship of the LLC's members is determinative. *OnePoint*

*Solutions*, 486 F.3d at 347 n.4 (explaining that an LLC organized in Minnesota was not a citizen of Minnesota unless one of its members was a citizen of that State (citing *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003))).

Finally, the Cleeks argue that the district court's denial of their motion to remand unconstitutionally expanded the scope of diversity jurisdiction, allowing the court to hear a case between citizens of the same State. But this contention rests entirely upon the flawed premise that Ameristar is a Missouri citizen for jurisdictional purposes. Because this case falls within the original jurisdiction of the federal courts as established by Congress in 28 U.S.C. § 1332(a), the district court correctly denied the Cleeks' motion to remand.

## B. Merits

We turn next to the Cleeks' challenge to the summary judgment ruling. "We review de novo a district court's grant of summary judgment." *Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1024 (8th Cir. 2021) (quoting *Riedl v. Gen. Am. Life Ins.*, 248 F.3d 753, 756 (8th Cir. 2001)). Ameristar is entitled to summary judgment on the Cleeks' negligence claim if it "shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the facts in the light most favorable to the Cleeks and give them the benefit of all reasonable inferences from the evidence when determining whether any genuine issue of material fact exists. *Grinnell Mutual Reinsurance Co. v. Dingmann Brothers Constr. of Richmond, Inc.*, 34 F.4th 649, 652 (8th Cir. 2022).

The parties agree that Missouri law applies to this diversity suit. *Id.* To prevail on their negligence claim under Missouri law, the Cleeks must prove that (1) Ameristar owed them a duty of care, (2) Ameristar breached that duty, and (3) the Cleeks suffered an injury proximately caused by Ameristar's breach. *Pippin*

-6-
Case 4:21-cv-00027-DGK   Document 46-1   Filed 08/24/22   Page 6 of 11
Appellate Case: 21-3067     Page: 6     Date Filed: 08/24/2022 Entry ID: 5190633

*v. Hill-Rom Co.*, 615 F.3d 886, 889 (8th Cir. 2010) (citing *Lopez v. Three Rivers Elec. Coop.*, 26 S.W.3d 151, 155 (Mo. 2000) (en banc)).

Here the district court granted Ameristar's motion for summary judgment when it found that Ameristar owed the Cleeks no duty of care. "The existence of a duty is a question of law for the court based on the court's determination whether the facts pleaded or proven show 'the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care.'" *O'Donnell v. PNK (River City), LLC*, 619 S.W.3d 162, 167 (Mo. Ct. App. 2021) (quoting *Bunker v. Association of Missouri Elec. Cooperatives*, 839 S.W.2d 608, 611 (Mo. Ct. App. 1992)). A Missouri premises owner may be found liable to an invitee who is injured as a result of the owner's failure to use ordinary care in removing or warning of a dangerous condition,[4] but Missouri recognizes an exception to that general rule known as the "Massachusetts Rule." *Id.*

Under the Massachusetts Rule, an owner has "no duty to remove snow or ice that accumulates naturally and is a condition general to the community." *Id.* (citing *Richey v. DP Props., LP*, 252 S.W.3d 249, 251–52 (Mo. Ct. App. 2008); *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991)). Missouri courts adopted this rule, reasoning that "where the condition is one general to the community it creates a natural hazard to everyone who ventures out," and "any effort of the landlord would in fact only diminish the natural hazard to a very negligible degree." *Willis*, 804 S.W.2d at 419 (quoting *Woodley v. Bush*, 272 S.W.2d 833, 835 (Mo. Ct. App. 1954)). However, Missouri courts recognize exceptions to the Massachusetts Rule, finding that a duty of care exists "in cases where the property owner voluntarily assumed the duty to remove snow or ice either by agreement or through a course of conduct over a period of time." *O'Donnell*, 619 S.W.3d at 167.

---

[4] The *O'Donnell* court cites *Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004), in describing the general "premise liability principles" under Missouri law. *O'Donnell*, 619 S.W.3d at 167 n.5.

Based on our review of the record, we find that the district court properly applied the Massachusetts Rule and granted Ameristar's motion for summary judgment. There is no dispute that the patch of ice on which Mr. Cleek slipped and fell had accumulated naturally on the walkway outside the casino's entrance. There was no dispute that the accumulation was attributable to weather conditions general to the community. The Cleeks point to no evidence, for example, that the ice on the walkway was an isolated condition unique to Ameristar's property, rather than the result of weather affecting the entire Kansas City area. *See Alexander*, 786 S.W.2d at 601 ("Whether the snow and ice condition existing on a parking lot was a condition general to a geographical area or an isolated condition has been a fact question for jury determination in some cases." (citing *Turcol v. Shoney's Enterprises, Inc.*, 640 S.W.2d 503, 508 (Mo. Ct. App. 1982))). Applying the Massachusetts Rule to these circumstances, Ameristar owed no legal duty to remove or treat the ice. *O'Donnell*, 619 S.W.3d at 164; *Medlock v. St. John's Health Sys., Inc.*, 426 S.W.3d 35, 37 (Mo. Ct. App. 2014); *Richey*, 252 S.W.3d at 250.

The Cleeks raise three arguments to suggest that this case falls within one of the exceptions to the Massachusetts Rule, but none of these arguments carries the day.

### *Location of Accident and Remediation*

First, the Cleeks contend that the course-of-conduct exception applies because Mr. Cleek saw salt in the parking lot and driveway areas when he returned to the casino not long before the storm began. According to the Cleeks, by altering a portion of the premises, Ameristar assumed a duty to reasonably protect its patrons from the icy conditions anywhere on the property. However, Mr. Cleek did not fall in a driveway or parking lot, and there was no dispute that Ameristar had not taken any steps to remove or treat the ice that had accumulated on the walkway where he slipped and fell. Missouri courts limit application of the course-of-conduct exception to situations where the owner has altered the condition of snow or ice in the same area where the plaintiff's accident occurs. *E.g.*, *Ellis v. Jurea Apartments, Inc.*, 875

S.W.2d 203, 207–09 (Mo. Ct. App. 1994) (finding the course-of-conduct exception inapplicable where an area outside of the property manager's office was treated, but there was no evidence that the owner altered the ice or snow in the area where the plaintiff fell); *cf. Alexander v. American Lodging, Inc.*, 786 S.W.2d 599, 602 (Mo. Ct. App. 1990) (applying the exception where, the day before the plaintiff's fall, the owner cleared snow and spread salt and gravel in the location of the accident). Even if Ameristar placed salt in a driveway or parking lot on its property, it did not assume a duty with respect to the separate walkway.

The Cleeks argue otherwise, citing *Otterman v. Harold's Supermarkets, Inc.*, 65 S.W.3d 553 (Mo. Ct. App. 2001), but that reliance is misplaced. In *Otterman*, the evidence showed that the defendant "alter[ed] the icy and snowy conditions in an adjacent area to the ramp where Otterman fell," with the "adjacent area" being the convenience store's parking lot. *Id.* at 556. Here, the Cleeks point to no evidence suggesting the walkway where Mr. Cleek fell and the areas where Ameristar had allegedly spread salt were connected in a manner similar to the ramp and parking lot in *Otterman*. *Id.* at 554 ("Although no diagrams or photographs accompanied the legal file, the only entry to the store itself is to go up a ramp (paved driveway) to a parking lot level adjacent to the store's front door."). Because Ameristar took no steps to remove or treat the ice that accumulated where Mr. Cleek fell, the district court properly found that Ameristar assumed no duty of care.

### *Previous Conduct*

The Cleeks raise a second challenge to the district court's rejection of the course-of-conduct exception. They contend that there was evidence Ameristar had removed snow and ice on previous occasions and point to the Missouri courts' characterization of the exception as one involving a course of conduct over a period of time. The Cleeks argue that the district court misapplied Missouri law by focusing narrowly on the time between the accumulation of ice and the injury, rather than on Ameristar's past conduct. This argument is unavailing.

-9-
Case 4:21-cv-00027-DGK   Document 46-1   Filed 08/24/22   Page 9 of 11
Appellate Case: 21-3067    Page: 9    Date Filed: 08/24/2022 Entry ID: 5190633

Although Missouri courts have recognized an exception "where one obligates himself . . . by . . . a course of conduct over a period of time to remove the snow and ice," they have only found that property owners have assumed a duty of care where the landowner takes some action to alter the condition of the snow or ice between the time it falls and the plaintiff's injury. *Richey*, 252 S.W.3d at 252 (distinguishing *Alexander*, 786 S.W.2d at 599, based on the landlord's actions taken after the snow or ice had fallen, but before the plaintiff's injuries occurred). The focus of the course-of-conduct exception is on the landlord's previous conduct related to the same weather incident — the same snow or ice — and not on actions taken during previous storms. "[N]o Missouri case has found the course-of-conduct exception to the Massachusetts Rule in the absence of actual alteration of the snow or ice on the part of the defendant." *O'Donnell*, 619 S.W.3d at 168. The district court's analysis in this respect was not erroneous.

### *Implied Agreement*

Finally, invoking another exception to the Massachusetts Rule, the Cleeks argue that Ameristar assumed a duty to remove or treat the ice on the walkway by agreement. In support of this argument, they point to Mr. Cleek's testimony that he had patronized the casino regularly over sixteen years, Ameristar had timely and thoroughly treated ice accumulations when they occurred, and he relied on that practice in his continued decisions to visit the property. We find this argument unconvincing. The Cleeks point to no evidence that Ameristar and Mr. Cleek reached a meeting of the minds whereby Ameristar agreed to continue its alleged practice of prompt snow and ice removal in exchange for his agreement to continue

visiting the casino.[5] The Cleeks point to no Missouri case where a property owner has been found to have assumed a duty by agreement under similar circumstances. In essence, the Cleeks' implied-agreement theory is an attempt to hold Ameristar liable based on the alleged existence of a company snow-and-ice-removal policy, but Missouri courts do not recognize such an exception to the Massachusetts Rule. *O'Donnell*, 619 S.W.3d at 168 ("The existence of a snow removal policy alone does not create a duty to remove snow or ice." (quoting *Medlock*, 426 S.W.2d at 39 n.5)). The district court properly rejected this argument.

The judgment of the district court is affirmed.

_____

---

[5]By contrast, in applying this exception Missouri courts have considered contractual language to determine whether a landlord has assumed a duty of care by agreement. *E.g.*, *Ellis*, 875 S.W.2d at 208 (finding that the plaintiff's lease agreement with the landlord did not include an agreement obligating the landlord to remove ice or snow); *Maschoff v. Koedding*, 439 S.W.2d 234, 237 (Mo. Ct. App. 1969) (construing the written lease's use of the term "grounds maintenance" to be ambiguous and reviewing evidence suggesting the parties' understood that it included an obligation to remove snow and ice from common areas).